**IT IS ORDERED as set forth below:**

**Date: March 25, 2026**



_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CAMORETTE MICHELLE JAMES, | ) | CASE NO. 25-64394- LRC |
| aka Camorette Hyppolite, | ) | |
| | ) | |
| Debtor. | ) | |

**ORDER DENYING MOTION FOR STAY PENDING APPEAL**

Before the Court is the Motion for Stay Pending Appeal (Doc. 40, the "Motion"), filed by Camorette Michelle James ("Debtor"). The Motion seeks a stay pending appeal of an order entered March 6, 2026 (Doc. 37, the "Order"). In the Order, the Court granted SouthState Bank's ("SSB") motion for relief from the

automatic stay (the "Motion for Relief," Doc. 28).   The Court held a hearing on the Motion for Relief on February 26, 2026, at which Debtor and counsel for SSB appeared.   Kathleen Steil (the "Trustee"), the Chapter 7 Trustee of Debtor's bankruptcy estate, did not appear or otherwise oppose the Motion for Relief.   In the Order, the Court lifted the automatic stay to permit SSB, the holder of a deed to secured debt on certain real property—2021 Oak Branch Way, Stone Mountain, Georgia (the "Property")—to exercise its state law rights regarding the Property. Debtor appealed the Order and now seeks a stay pending appeal, which SSB opposes (Doc. 50, the "Response").

## Procedural History

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 10, 2025.   On Schedule A/B, Debtor listed the Property with a value of $550,000.   On February 4, 2026, SSB filed the Motion for Relief, asserting that SSB is the holder of a deed to secure debt on the Property, that there is no equity in the Property above the amount of the debt owed to SSB, and that SSB has not received a postpetition payment from Debtor for January 2026 or February 2026, creating a total postpetition arrearage of $11,372.80, not including the additional payment of $5,646.80 coming due on March 1, 2026.

At the hearing, SSB's counsel argued that the amount owed to SSB and secured by the Property exceeded Debtor's value for the Property by $44,000 and

that the Property was not necessary for an effective reorganization, given that this is a Chapter 7 case.  SSB also argued that its interest in the Property was not adequately protected due to Debtor's continued failure to make payments and the lack of an equity cushion.   In response, Debtor argued that the Court should not lift the automatic stay because she has three children, the Property is her primary residence, and she is looking for a job, which has been made difficult by her lack of transportation.   Debtor's non-filing spouse appeared and argued that the Court should refuse to lift the automatic stay because doing so would permit SSB to foreclose and evict his family.  He further explained that he and Debtor had struggled to pay the mortgage payments since the increase in their property taxes had raised their monthly payment above an amount they could afford.  In the Response, SSB confirmed that $2,207.60 of Debtor's monthly payment comprised the amount necessary to pay the insurance and property taxes on the Property.

Ruling from the bench, the Court granted the Motion for Relief in part because Debtor did not dispute that she had failed to pay SSB, Debtor had no equity in the Property, the Trustee had filed a report of no distribution, indicating that the Trustee had no intention of administering the Property, and, even if the Court denied the Motion for Relief, the automatic stay would shortly lift by operation of law upon the entry of Debtor's Chapter 7 discharge and the closing of

Debtor's case.   Although the Court modified the automatic stay to permit SSB to exercise its rights regarding the Property, the Court did not waive the automatic, fourteen-day stay of its order provided by Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure.   Debtor filed a notice of appeal regarding the Order and the Motion.

### Conclusions of Law

Rule 8007 provides, in pertinent part, that a party, ordinarily, must move first in the bankruptcy court for "stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1). "The decision as to whether or not to grant such a stay lies within the sound discretion of the court," *Matter of Webb*, 2017 WL 5125538, at *1 (Bankr. N.D. Ga. Nov. 3, 2017) (Drake, J.), and a stay pending appeal is an "exceptional response granted only upon a showing of four factors." *Garcia–Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *see also In re Brampton Plantation, LLC*, 2011 WL 7268054, at *1 (Bankr. S.D. Ga. Nov. 22, 2011).   "In determining whether a discretionary stay should be granted, courts have adopted a test comprised of four factors: (1) the likelihood that the movant will prevail on the merits of appeal; (2) whether, absent a stay, the movant will suffer irreparable damage; (3) whether the adverse party will suffer no substantial harm from the issuance of the stay; and (4) whether the public interest will be served, rather than disserved, by issuing the stay.  *Webb*, 2017

WL 7268054, at *1 (citing *In re Arnal*, 2003 WL 22709326, at *1 (Bankr. S.D. Ga. 2003)).   "Ordinarily, the first factor, likelihood of success on appeal, carries the most weight when determining whether to grant a stay pending appeal."   *Id*. If the "'balancing of the equities' (factors two through four) weighs heavily in favor of granting the stay, the movant need only show a substantial case on the merits."   *Id*.; *see also In re Rabin*, 2007 WL 1098785, at *1 (Bankr. S.D. Fla. Apr. 9, 2007) ("Although the appellant must typically show that success on the merits is 'likely or probable,' a stay may nevertheless be issued where the appellant demonstrates that his or her chances of success are merely 'substantial' so long as a strong showing weighing heavily in the appellant's favor is made on the latter three elements.").   "At a minimum, . . . the movant must show 'serious questions going to the merits'" by providing "'new information, authority or analysis to persuade the Court to reconsider its [prior] decision.'" *In re Moore*, 2020 WL 5633081, at *5 (Bankr. S.D. Ga. Aug. 27, 2020) (quoting *In re Bullock*, 603 B.R. 411, 416 (Bankr. S.D. Ill. 2019)).

Debtor's request for a stay pending appeal of the Order should be denied. Debtor has not met her burden of showing a "probable" likelihood of success on the merits on appeal or even that she has a "substantial case on the merits."   Even if Debtor could show a substantial case on the merits, the remaining factors do not support a stay.   Debtor has no likelihood of success on the merits of the appeal.

This Court's decision to lift the automatic stay "is discretionary; a district court may only overturn the decision for abuse of discretion." *In re Watkins*, 2008 WL 708413, at *2 (E.D.N.Y. Mar. 14, 2008) (citing *In re Bogdanovich*, 2000 WL 1708163, at *4 (S.D.N.Y. Nov. 14, 2000); *In re Boodrow*, 126 F.3d 43, 47 (2d Cir.1997)). The court abuses its discretion "when it bases its decision on an erroneous view of the law or clearly erroneous factual findings." *Id*. (citing *Sears, Roebuck, and Co. v. Spivey*, 265 B.R. 357, 364 (E.D.N.Y. 2001)). "Findings of fact may be considered clearly erroneous only if the reviewer is left with a 'definite and firm conviction that a mistake has been committed.'" *Id*. (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). "A bankruptcy court also abuses its discretion if it commits a clear error of judgment." *Id*.

The Court did not rely on an erroneous view of the law or commit a clear error of judgment in this case. This is a Chapter 7 case, in which the Trustee evaluated Debtor's financial circumstances and determined that the Property could not be administered for the benefit of Debtor's creditors. *See generally In re HRN Grp., LLC*, 2020 WL 6712238, at *6–7 (N.D. Ga. Nov. 13, 2020) (affirming the bankruptcy court's lifting of the stay where the Chapter 7 debtor had no equity in property and noting that the bankruptcy court correctly explained during the hearing on the motion to lift the stay that "'in a Chapter 7 [bankruptcy],

the purpose is for the trustee to collect the assets that have any value, sell them if they have value, and distribute the money,'" that Chapter 7 "'is not the chapter which allows the debtor to save their home or save a piece of property, because there's no mechanism for doing that,'" and when the Chapter 7 trustee has no interest in a particular piece of property, "'although there may be disputes between the parties about what should happen next . . . the [P]roperty is not something that needs to be preserved in the bankruptcy estate,'" and the automatic stay should be lifted to allow the "'parties to continue their litigation elsewhere'").

In the Motion, Debtor has not even attempted to articulate a legal basis for reversing the Order. Debtor simply says, without elaboration, that substantial issues exist in the appeal and asserts that the Court wrongly lifted the stay when the arrearage on the debt was "minimal" and temporary. Just as in the *HRN Group* case, this Court "did not abuse its discretion in modifying the stay," *id*., and Debtor has presented no new information, authority, or analysis that would persuade the Court that granting stay relief was improper.

Even if Debtor had demonstrated a substantial case on appeal, Debtor has not shown that the balance of the other factors supports the imposition of a stay. As to a showing of irreparable harm, "[i]rreparable harm must be neither remote nor speculative, but actual and imminent," and an "injury that may be fully remedied by monetary damages does not constitute irreparable harm." *In re*

*Winters*, 2019 WL 1399854, at *5 (Bankr. D. Utah Mar. 26, 2019).   Debtor

asserts that, without a stay pending appeal, SSB will foreclose and Debtor will be

irreparably harmed by the loss of her equity and financial investment in the

Property.

First, Debtor has not shown that foreclosure will be imminent without a

stay pending appeal.   If, as she argues, her inability to pay the mortgage payment

is only temporary, it is possible that SSB might work with Debtor to modify the

loan or otherwise avoid foreclosing.   Second, the record of this case, including

Debtor's sworn schedules, does not support a finding that Debtor has equity in the

Property and, even if she did, a loss of equity is compensable by money damages.

Third, even if Debtor is successful in her appeal and the Order is vacated,

reinstating the stay, such relief would be very temporary.   Debtor's bankruptcy

case, which has been discharged, would be closed almost immediately and the

automatic stay would terminate by operation of law, leaving Debtor in the same

position she is in without a stay pending appeal.   *See* 11 U.S.C. § 362(d)(2).

Accordingly, Debtor has not shown that the denial of a stay pending appeal is

what will cause her irreparable injury, just that a stay pending appeal would delay

that injury for a very short time.   *See In re David X. Manners Co. Inc.*, 2018 WL

2325758, at *3 (Bankr. D. Conn. May 22, 2018) ("If the movant cannot

demonstrate a substantial possibility of success on the merits, he cannot be

irreparably harmed if no stay is granted because any loss of rights 'is inevitable and is not an irreparable harm that would be caused by the denial of a stay.'"); *In re Scott*, 605 B.R. 372, 380 (Bankr. W.D. Pa. 2019) (finding no irreparable injury caused by denial of a stay pending appeal because "no matter the outcome of this Motion to Stay Pending Appeal or the appeal itself, the section 362(a) stay is terminated").

The Motion also makes no attempt to demonstrate that SSB will not be harmed by the imposition of a stay or that the public interest favors a stay.  In fact, the Court concludes that a stay would harm SSB.  SSB is not receiving payments on its debt.  As this is a Chapter 7 case, there is no possibility that Debtor will reorganize and cure the arrearages on this loan, SSB has no equity cushion, and further delay simply increases the amount of the debt to SSB's detriment.  *See In re Scott*, 605 B.R. 372, 384 (Bankr. W.D. Pa. 2019) (noting, in a case involving an undersecured creditor that the "harm to U.S. Bank if the Motion to Stay Pending Appeal is granted is that U.S. Bank will continue to receive no payment on the mortgage loan, while continuing to make escrow-related advances").  Imposing a stay pending appeal would be no different than denying the Motion for Relief, and the Court had no legal or factual basis to do that at the time of the hearing.  While the Court was, and remains, sympathetic to Debtor's situation, her simple appeal to equity and requests for

more time cannot overcome SSB's satisfaction of § 362(d)(2).   Upon a showing that there was no equity in the Property and that the Property is not necessary for an effective reorganization, the Court was required to lift the automatic stay.   *See 11 U.S.C. § 362(d)(2)* ("On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or] (2) with respect to a stay of an act against property under subsection (a) of this section, if--(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization. . . ."); *see also Simpson*, 2018 WL 1940378, at *10 (Bankr. D. Vt. Apr. 23, 2018) (noting that, "in the case of an undersecured creditor, courts have made a finding of substantial harm where interest, real estate tax debts and additional expenses were continuing to accrue, to the detriment of the party opposing the stay").   Likewise, public policy does not support the imposition of a stay that would delay SSB from exercising its bargained-for contractual rights for no apparent reason.   *Scott,* 605 B.R. at 384 ("[T]he public interest in this case concerns the correct application of property laws, as well as bankruptcy laws.").

### Conclusion

Because Debtor has failed to demonstrate the factors required to obtain a stay pending appeal, the Court finds that the Motion must be, and hereby is,

**DENIED**.

## END OF DOCUMENT

**Distribution List**

Camorette Michelle James
2021 Oak Branch Way
Stone Mountain, GA 30087

Kathleen Steil, Esq.
Ogier, Rosenfeld & Steil, P.C.
P. O. Box 1547
Decatur, GA 30031

Thomas E. Austin, Jr.
Thomas E. Austin, Jr., LLC
2451 Cumberland Parkway SE
Suite 3504
Atlanta, GA 30339